IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>CHAD M. FRANCO,<br><br>　　　　　　　Defendant. | 8:21-CR-159<br><br><br>ORDER ON MOTION TO AMEND PRESENTENCE INVESTIGATION REPORT |

　　　　This matter is before the Court on defendant Chad M. Franco's Motion to Amend Presentence Investigation Report. Filing 91. The Motion requests that the Court order that Franco's Presentence Investigation Report (PSR) be amended by deleting the description of a charge against Franco at paragraph 68. Filing 91 at 1. Judgment in this case was entered on August 19, 2022, Filing 88, and Franco filed this Motion on April 5, 2023, Filing 91.

　　　　Paragraph 68 is in the criminal history section of Franco's PSR and describes an incident in 2006 in which the state of Nebraska charged him with (1) possessing a controlled substance; (2) first degree sexual assault; (3) two counts of use of a firearm to commit a felony; and (4) robbery. Filing 85 at 14. Franco pleaded guilty to the possession of a controlled substance charge, and the other charges were dismissed. Filing 85 at 14. At the bottom of Paragraph 68 is an outline of Franco's offense, which includes a statement the victim of Franco's alleged sexual assault made to law enforcement. Filing 68 at 14–15. This outline is what Franco requests be deleted.

　　　　"The essential purpose of [a PSR] is to fully inform the sentencing judge about all relevant matters so that the sentence imposed is just for the crime committed and suitable for the particular defendant." *United States v. Batista*, No. CR 18-415 (SRC), 2021 WL 2886113, at *2 (D.N.J. July 8, 2021) (quoting *Coleman v. Rafferty*, No. CIV.A. 85-4339, 1986 WL 11672, at *6 (D.N.J. Oct.

1

15, 1986)). "Information compiled prior to a criminal defendant's sentencing not only affects the length of the sentence, but might also determine the defendant's place of incarceration . . . and relationships with social service and correctional agencies after release from prison." *United States v. Brown*, 715 F.2d 387, 389 n.2 (8th Cir. 1983) To that end, a PSR "is meant to be accurate at the time a defendant is sentenced." *United States v. Nguyen*, No. CR07-4068-MWB, 2009 WL 1783500, at *1 (N.D. Iowa June 19, 2009) (quoting *United States v. Starr*, No. CRIM.A.6:00-00113-05, 2003 WL 23525359, at *1 (S.D.W. Va. June 13, 2003)). Federal Rule of Criminal Procedure 32 outlines the process for compiling a PSR and the safeguards in place to ensure it contains correct information. See Fed. R. Crim. P. 32. While the probation officer drafting the report must conduct a presentence investigation (subject to certain exceptions), it is the parties' responsibility to object to any material information a party believes is inaccurate prior to sentencing so that it can be corrected. See Fed. R. Crim. P. 32(f).

After imposing a sentence, "the district court's jurisdiction over the defendant becomes very limited." *United States v. Lashley*, No. 4:99-CR-185 CAS, 2016 WL 6432788, at *1 (E.D. Mo. Oct. 31, 2016) (quoting *United States v. Warner*, 23 F.3d 287, 290 (10th Cir. 1994)). A party requesting amendment to the PSR must point to a statute or rule "which give[s] the district court jurisdiction to consider the challenge." *Warner*, 23 F.3d at 290. Franco does not point to a rule or statute under which he moves to amend his PSR. The Court has reviewed potential avenues of relief for Franco found in the Federal Rules of Criminal Procedure and concludes that none of them apply in this case.

Starting with Rule 32, that rule clearly contemplates that objections must be made before sentencing. See Fed. R. Crim. P. 32. "Thus, the district court has no jurisdiction under Fed.R.Crim.P. 32 to entertain a challenge to a post-sentence report after the sentence has been

imposed." *United States v. Robilotto*, 867 F.2d 729, 731 (2d Cir. 1989) (quoting *United States v. Freeny*, 841 F.2d 1000, 1002 (9th Cir. 1988)); *see also United States v. Long*, 434 F. App'x 567, 567 (8th Cir. 2011) ("[The defendant] should have addressed any inaccuracies in the PSR pursuant to Rule 32 at or before sentencing . . . ."); *United States v. Ballard*, 512 F. App'x 152, 153 (3d Cir. 2013) ("The District Court lacked jurisdiction to provide that relief under Rule 32 . . . because sentencing courts do not retain jurisdiction thereunder to entertain challenges to the PSR after final judgment."). Because Franco is requesting removal of information in the PSR months after his sentencing, Rule 32 does not give the Court authority to grant him relief.

Federal Rule of Criminal Procedure 36 is also unavailable to Franco. That rule allows a court to correct at any time "a clerical error in a judgment, order or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Franco's request goes beyond correcting a mere alleged scrivener's error, at which Rule 36 is directed. *See United States v. Yakle*, 463 F.3d 810, 811 (8th Cir. 2006) (outlining that Rule 36 applies to clerical errors and scrivener's mistakes). "Rule 36 is not a perpetual right to apply different legal rules or different factual analyses to a case. It is only mindless and mechanistic mistakes and no new additional legal perambulations which are reachable through Rule 36." *United States v. Mackay*, 757 F.3d 195, 200 (5th Cir. 2014) (cleaned up); *see also United States v. Vanderhorst*, 927 F.3d 824, 828 (4th Cir. 2019) ("[A] defendant may obtain relief under Rule 36 based on clerical errors, not substantive errors.").

Finally, Franco cannot rely on Rule 35(a), which allows a court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within 14 days of the oral announcement of the sentence. Fed. R. Crim. P. 35(a), (c). Far more than 14 days have passed since the Court sentenced Franco. Further, the information in the PSR did not result from arithmetical, technical,

3

or other error. *See United States v. O'Connor*, 65 F.3d 170 (7th Cir. 1995) (unpublished) (stating that the prior version of Rule 35 did not allow a defendant to correct an "alleged ambiguity" in the PSR); *United States v. Anderson*, No. 107-CR-51-TS, 2009 WL 799501, at *1 (N.D. Ind. Mar. 24, 2009) (declining to amend the PSR under Rule 35 nearly a year after sentencing). "[A] Presentence Report correction, pursuant to Rule 35, is strictly limited to any illegal or illegally-imposed sentence." *United States v. Czeck*, No. CRIM. 95-96(1) DWF, 2012 WL 694725, at *1 (D. Minn. Mar. 1, 2012). It does not apply here.

Franco does not point to a rule or statute allowing the Court to amend the PSR months after sentencing. The Court has reviewed potentially relevant rules in the Rules of Criminal Procedure and concludes that none of them apply. Accordingly,

IT IS ORDERED that Chad M. Franco's Motion to Amend Presentence Investigation Report, Filing 91, is denied.

Dated this 12th day of April, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge