IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>CHAD M. FRANCO,<br><br>      Defendant. | 8:21-CR-159<br><br>ORDER ON MOTION TO APPOINT COUNSEL |

    This matter is before the Court on defendant Chad M. Franco's Motion to Appoint Counsel. Filing 93. The Motion explains that Franco "wishes to pursue a 2255 action and needs the assistance of counsel." Filing 93. No habeas petition under 28 U.S.C. § 2255 has been filed, and the Motion does not clarify what issues Franco wishes to raise in a habeas petition.

    A district court has discretion to appoint counsel "for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2); *see also United States v. Craycraft*, 167 F.3d 451, 455 (8th Cir. 1999) ("[T]here is no general right to counsel in post-conviction habeas proceedings for criminal defendants."). Before appointing counsel, a district court "should first determine whether the petition has presented a nonfrivolous claim[.]" *Martin v. Fayram*, 849 F.3d 691, 699 (8th Cir. 2017) (cleaned up) (quoting *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994)). Even if there is a nonfrivolous claim presented in a habeas petition, a district court should still consider several factors to determine if appointing counsel is appropriate, including "the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims[.]" *Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th Cir. 2021) (quoting *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994)).

No habeas petition has been filed in this case, and Franco's Motion does not illuminate what claims he wishes to raise in a habeas proceeding. The Court cannot determine if Franco has any nonfrivolous issues to raise, or whether other factors such as the complexity of the case warrant appointment.[1] Courts in the Eighth Circuit routinely deny motions to appoint counsel that are filed prior to a habeas petition. *See, e.g., United States v. Kidd*, No. CR 16-338 (MJD/BRT), 2020 WL 5898745, at *1 (D. Minn. Oct. 5, 2020); *United States v. Nunez-Reynoso*, No. CRIM. 10-69 MJD/JJK, 2013 WL 6062146, at *1 (D. Minn. Nov. 18, 2013); *Mcfadden v. Steele*, No. 4:11CV2070 AGF, 2012 WL 266455, at *2 (E.D. Mo. Jan. 27, 2012). Accordingly,

IT IS ORDERED that Chad M. Franco's Motion to Appoint Counsel, Filing 93, is denied.

Dated this 24th day of July, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

---

[1] The Court notes that this case was a straightforward drug distribution offense involving a traffic stop and a subsequent search of Franco's vehicle after he gave consent to search. Filing 79 at 2 (factual basis of plea agreement). No motion practice occurred, and the Court sentenced Franco pursuant to his Rule 11(c)(1)(C) plea agreement to the mandatory minimum term of incarceration. Filing 79 at 3.