IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:21–CR–159 |
| vs. | MEMORANDUM AND ORDER ON MOTION TO VACATE UNDER 28 U.S.C. 2255 |
| CHAD M. FRANCO, | |
| Defendant. | |

Defendant Chad M. Franco filed a *pro se* Motion to Vacate under 28 U.S.C. § 2255. Filing 96. Franco also submitted a separate, hand-written filing that the Court construes as a brief in support his § 2255 Motion. *See* Filing 97. Although Franco has filed this Motion pursuant to 28 U.S.C. § 2255, he neither contests the validity of his conviction nor the length of his incarceration. *See* Filing 96 at 3; Filing 97 at 3. He instead takes issue with information contained in his Presentence Investigation Report (PSR) that he claims adversely impacts his security classification status and other designations made by the Bureau of Prisons (BOP). Filing 96 at 4, 7, 9; Filing 97 at 2. Franco specifically states that he is "filing this 2255 Motion for ineffective assistance of counsel." Filing 96 at 9.[1] This matter is before the Court to conduct an initial review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings and 28 U.S.C. § 2255(b). For the reasons stated herein, the Court finds that it "plainly appears" that Franco is not entitled to relief and denies his Motion. *See* 28 U.S.C. § 2255, Rule 4(b). The Court will not issue a certificate of appealability.

---

[1] Franco filed this Motion using the template AO 243 form that is available on the United States Courts' website. This form allows petitioners to raise multiple grounds for relief on the same form. Although Franco spread his allegations out across three different grounds, all of his allegations relate to the same underlying claim. This is clear from the fact that Franco later states, "I am filing this 2255 Motion for ineffective counsel: I am trying to get my PSR Amended because there are issues in my P.S.R . . . ." Filing 96 at 9. Later on in his Motion, Franco similarly states that he is filing this "2255 motion for Ineffective Counsel." Filing 96 at 12.

1

I. **BACKGROUND**

On May 20, 2021, the Grand Jury returned a one-count Indictment against Franco alleging a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1). Filing 1 at 1. Specifically, Franco was charged with possession with the intent to distribute 50 grams or more of methamphetamine (actual) in the District of Nebraska. Filing 1 at 1. Franco pleaded guilty to this offense pursuant to a Rule 11(c)(1)(C) plea agreement that, if accepted, would require the Court to sentence him to a precise term of 120 months imprisonment. Filing 79 at 3; Filing 82 at 21; Filing 83 at 1. At the sentencing hearing held on August 17, 2022, the undersigned accepted the plea agreement and sentenced Franco in accordance with its terms. *See* Filing 87 (Text Minute Entry); Filing 88. Franco's plea agreement included an appeal-waiver provision, and, consistent with his agreement, Franco did not file an appeal. Filing 79 at 4.

However, Franco's counsel did file a "Motion to Amend Presentence Report" with this Court on April 5, 2023—over seven months after Franco had been sentenced. Filing 91. In this Motion to Amend, Franco's counsel asked that this Court issue "an order amending the Presentence Investigation Report by deleting that portion of Paragraph 68 that includes a description of an alleged sexual assault against the Defendant in 2006 that was charged, never proven and was dismissed by the prosecutor." Filing 91 at 1. The Motion to Amend also asserted that "the Bureau of Prisons is now treating [Franco] as if he were convicted as a sex offender based on what was reported in the Presentence Investigation Report on an allegation that he denied and which was later dismissed by the State." Filing 91 at 1. The Court issued a written Order denying this Motion to Amend on April 12, 2023, because it concluded that no rule or statute allowed it "to amend the PSR months after sentencing." Filing 92 at 4.

2

Franco subsequently filed the instant § 2255 Motion *pro se* with this Court on August 14, 2023. Filing 96.² In his § 2255 Motion, Franco expressly states he is not appealing his conviction. Filing 96 at 3. He instead asserts that he is seeking to amend his PSR based on the "many problems" it is causing him. Filing 96 at 3. As he did with his unsuccessful "Motion to Amend Presentence Report," Franco again takes issue with language in his PSR relating to an alleged sexual assault for which he was never convicted. *See* Filing 96 at 4; Filing 97 at 1. However, Franco correctly concedes his PSR accurately notes that these charges were dismissed. *See* Filing 97 at 2.³ Based upon how this information in his PSR has impacted his custody level, security classification, and other designations within the BOP, Franco argues that his counsel was ineffective when he advised him to "waive [his] P.S.R. interview." Filing 97 at 4. As Franco puts it in his Motion, "My Attorney Had me waive my P.S.R. Interview, stating that has no bearing because I had an 11c1c plea agreement and it did not matter." Filing 96 at 4. Later on in his Motion he similarly alleges that his attorney "did not ever read my P.S.R. because he said it had no relevance to my situation because I received a 11c1c plea agreement and my P.S.R. had no bearing to my situation because the P.S.R. would not be mentioned." Filing 96 at 9. Ultimately, the only relief Franco seeks is to "have [his] P.S.R. amended to remove that paragraph that mentions those charges." Filing 97 at 2.

---

² Prior to filing the § 2255 Motion, Franco filed a Motion For Appointment of Counsel based on his desire "to pursue a 2255 action[.]" Filing 93 at 2. The Court denied Franco's Motion for Appointment of Counsel in a written Order because Franco had not filed a habeas petition at that time and his Motion for Appointment of Counsel did "not illuminate what claims he wishes to raise in a habeas proceeding." Filing 95 at 2.

³ In Franco's words,

> I realize that my P.S.R. shows the charges were dismissed but the B.O.P. uses the P.S.R. for classification and custody level purposes and they use what is called relative contuct [sic] when doing so and the mention of this incident that never occurred has given me 4 points for violence on my custody level which has sent me to a custody level that I do not deserve it has also given me a public safety factor as well as [another assignment] that I also do not deserve.

Filing 97 at 2.

## II. ANALYSIS

### A. Standards Applicable to 28 U.S.C. § 2255

Franco brings his Motion pursuant to 28 U.S.C. § 2255, which permits federal prisoners to ask the sentencing court to "vacate, set aside, or correct" a sentence upon a showing that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). "Section 2255 is an outgrowth of the historic habeas corpus powers of the federal courts as applied to the special case of federal prisoners." *Jones v. Hendrix*, 143 S. Ct. 1857, 1865 (2023); *see also Odie v. United States*, 42 F.4th 940, 944 (8th Cir. 2022) ("Section 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." (internal quotation marks omitted) (quoting *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011))). Relief under § 2255 is limited, as it "does not encompass all claimed errors in conviction and sentencing." *Meirovitz v. United States*, 688 F.3d 369, 370 (8th Cir. 2012) (quoting *Sun Bear*, 644 F.3d at 704).

The judge receiving a § 2255 motion to vacate must first determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court must order the United States to respond and consider holding a hearing. 28 U.S.C. § 2255(b); *see also* Rules 4(b) and 8(a) of the Rules Governing Section 2255 Proceedings. A court cannot accept a petitioner's allegations as true if "they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Walker v. United States*, 810 F.3d 568, 580 (8th Cir. 2016).

### B. Franco's Claim and the Relief Sought

Franco fails to show an entitlement to the relief he seeks for several reasons. As a threshold matter, Franco does not challenge the validity of his conviction or the length of his detention. *See generally* Filing 96; Filing 97. The only relief he seeks is an amendment to his PSR. *See* Filing 97 at 2. Accordingly, his claims are not cognizable under § 2255. *See Shephard v. United States*, 735 F.3d 797, 798 (8th Cir. 2013) (per curiam) (noting that the petitioner "is not claiming a right to be released from custody, and thus, even if she could demonstrate that counsel was ineffective, the claim may not be raised in a section 2255 motion"); *United States v. Bernard*, 351 F.3d 360, 361 (8th Cir. 2003) (explaining that § 2255 "affords relief only to prisoners claiming a right to be released from custody" and affirming the district court's dismissal of the petitioner's habeas petition "[b]ecause the relief [he] requests does not qualify as a 'right to be released,' as dictated by 28 U.S.C. § 2255").

Franco seeks relief in the form of modification to his PSR, and he seeks this relief precisely because—in his own words—the PSR "has serious relevance to [his] custody level as well as [his] classification status once placed in the BOP custody." Filing 96 at 4. It is clear from his Motion and accompanying brief that he takes no issue with his conviction or duration of confinement. *See* Filing 96 at 3 (Franco stating, "I'm not appealing my conviction"); Filing 97 (Franco stating, "I accept the outcome of my 120 months for my involvement with drugs"). The only reason he seeks amendment to his PSR is to alter the conditions—not the duration—of his confinement. Filing 96 at 5 (Franco stating, "I have been placed at a Medium Custody level when I should be at a low custody"); Filing 96 at 7 (Franco stating he has been improperly classified and designated by the BOP because of his PSR). Because the Court cannot grant Franco the relief he seeks pursuant to 28 U.S.C. § 2255, his claim is not cognizable. *See United States v. Ladoucer*, No.

CR071651ADMJSM, 2016 WL 183522, at *1 (D. Minn. Jan. 14, 2016) (concluding that the petitioner's claims were not cognizable under § 2255 because he was challenging "the conditions he is experiencing while incarcerated" and "raise[d] no challenges to the constitutionality or legality of his sentence").[4]

Even if Franco sought cognizable relief under § 2255, his ineffective assistance of counsel claim would still fail. Under the Supreme Court's test for ineffective assistance of counsel set forth in Strickland v. Washington, 466 U.S. 668, 686 (1984), courts consider "whether counsel's performance was deficient, and if so, whether prejudice resulted." United States v. Harris, 83 F.4th 1093, 1097 (8th Cir. 2023) (internal quotations and citation omitted). "Failure to establish either Strickland prong is fatal to an ineffective-assistance claim." Worthington v. Roper, 631 F.3d 487, 498 (8th Cir. 2011). "Therefore, we need not inquire into the effectiveness of counsel . . . if we determine that no prejudice resulted from counsel's alleged deficiencies." Ramirez v. United States, 751 F.3d 604, 607 (8th Cir. 2014) (cleaned up). To meet the second prong of the Strickland test, Franco would need to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Paulson v. Newton Corr. Facility, Warden, 773 F.3d 901, 904 (8th Cir. 2014) (internal quotation marks and citation omitted). "Merely showing a conceivable effect is not enough; a reasonable probability is one sufficient to undermine confidence in the outcome." Id.

---

[4] Although Franco did not bring a claim pursuant to 28 U.S.C. § 2241, the Court notes that the Eighth Circuit has previously concluded that a district court "correctly determined it did not have jurisdiction over [a] section 2241 petition" based on the petitioner's challenge to "his custody classification within the Bureau of Prisons". Pollock v. Marske, No. 21-2570, 2022 WL 1218640, at *1 (8th Cir. Apr. 26, 2022) (per curiam); see also Vang v. Eischen, No. 23–CV–721 (JRT/DLM), 2023 WL 5417764, at *5 (D. Minn. Aug. 1, 2023) (citing Pollock for the proposition that "The Eighth Circuit has held that district courts to not have jurisdiction over habeas petitions challenging BOP custody classifications"), report and recommendation adopted, No. CV 23-721 (JRT/DLM), 2023 WL 5403793 (D. Minn. Aug. 22, 2023)).

As another judge within this district once noted when presented with a similar claim brought pursuant to 28 U.S.C. § 2255, "to satisfy the prejudice prong of *Strickland*, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the *proceeding* would have been different. The 'proceeding' was his criminal judgment, not his BOP classification.'" *United States v. Papazian*, No. 4:18-CR-3008, 2021 WL 826590, at *3 (D. Neb. Mar. 4, 2021) (internal citation omitted and emphasis in original); *see also United States v. Legros*, No. CR 18-223-01, 2021 WL 5286307, at *4 (W.D. La. Nov. 12, 2021) (citing *Papazian* with approval). Again, Franco does not contest the validity of his conviction or the legitimacy or duration of his detention. Nor could he. Franco was sentenced to a term of 120 months—the precise length of incarceration he bargained for and agreed to in his Rule 11(c)(1)(C) plea agreement. *See* Filing 79 at 3. Franco only seeks redress related to his BOP classification.[5] Accordingly, even if his claim was cognizable on a § 2255 petition, his ineffective assistance of counsel claim would still fail for lack of prejudice relating to his proceeding.

### C. Certificate of Appealability

No appeal may be taken on a § 2255 motion to vacate unless a judge issues a certificate of appealability, which requires the appellant to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)–(2). To make "a substantial showing of the denial of a constitutional right" after the district court denies a constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When

---

[5] With respect to the language in the PSR that Franco objects to, it bears repeating that the PSR accurately reflects the legal status of the charges that were brought against him. *See* Filing 97 at 2 (Franco stating, "I realize that my P.S.R. shows the charges were dismissed but the B.O.P. uses the P.S.R. for classification and custody level purposes . . . ."). Sentencing courts are not tasked with wordsmithing PSRs. *See United States v. Hopkins*, 824 F.3d 726, 735 (8th Cir. 2016) (noting that the Eighth Circuit had previously rejected a claim "where the defendant argued that certain information was unnecessary, irrelevant, and might be used to his prejudice by the Bureau of Prison" because Rule 32 of the Federal Rules of Criminal Procedure did not require that the objected-to material be stricken).

a petition is denied on procedural grounds, a petitioner is entitled to a certificate of appealability if the petitioner "shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Reasonable jurists would not find the Court's decisions debatable. Franco seeks relief this Court cannot grant pursuant to § 2255, and even if the Court could grant the relief he seeks he has failed to show that his counsel's alleged deficiencies prejudiced his sentencing proceeding. He only claims that his counsel's alleged deficiencies impacted his subsequent classifications made by the Bureau of Prisons. "An inmate's classification is a condition of confinement reserved for determination by federal prison officials." *United States v. Sawatzky*, No. 419CR00022SMRSBJ1, 2023 WL 3074328, at *1 (S.D. Iowa Apr. 25, 2023) (citing *Moody v. Daggett*, 429 U.S. 78, 88 n.9, (1976)). Therefore, the Court will not issue a certificate of appealability.

### III. CONCLUSION

For these reasons, the Court denies Franco's § 2255 Motion. Accordingly,

IT IS ORDERED:

1. Chad M. Franco's Motion to Vacate Under 28 U.S.C. § 2255, Filing 96, is denied; and
2. The Court will not issue a certificate of appealability.

Dated this 12th day of December, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge